565 P.2d 580

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Steven BAILEY, Defendant-Appellant.**

**No. 12033.**

Supreme Court of Idaho.

June 20, 1977.

---

388

Golden R. Bennett, Twin Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Defendant-appellant Steven Bailey pleaded guilty in magistrate court to a charge of assault and battery. The charge resulted from an incident in which Bailey struck one Mark Brune in the mouth, knocking out the caps on Brune's teeth. On April 10, 1974, the court sentenced Bailey to pay a fine and to serve a thirty-day term in jail. The jail sentence was suspended upon the condition that appellant pay as restitution the medical and dental bills incurred by Brune.

On December 9, 1974, appellant appeared at a show cause hearing apparently because he had as yet failed to make any payments to Brune for his medical and dental bills. The court accepted from appellant a $200 check which was to be full restitution unless Brune demanded a hearing to augment that amount. Brune later demanded such a hearing, which was held on February 12, 1975. At the hearing he presented medical and dental bills totaling $117. At the conclusion of the hearing, the court ordered appellant to pay as restitution an additional sum of $303. Appellant appealed to the district court, which affirmed the order. He then perfected this appeal.

Appellant contends that the magistrate court lacked jurisdiction to order the $303 payment as restitution. According to appellant, after his jail sentence was suspended he was placed on six months probation. Since the probationary period ended some four months prior to the February 12 hearing, the magistrate court lacked jurisdiction to order the additional payment.

■ The only record of appellant's sentencing is a minute entry signed by the magistrate. It provides:

"Sentence of Court: Fine $50.00 Costs $7.50 Jail 30 days Susp.

Probation: Time _____ Terms pay Mark Brune's medical [and] dental bills—re-

ceipt required—No more serious violations for 6 mo."

Although the record in this case leaves much to be desired, it shows that the magistrate suspended appellant's jail sentence upon the conditions that he pay Brune's medical and dental bills and that he have no serious violations for six months. The space for designating the period of probation was left blank. Normally, in such instances there will be implied a probationary period which runs for the maximum term possible, which here is two years. I.C. § 19–2601(7); *People v. Blakeman,* 170 Cal. App.2d 596, 339 P.2d 202 (1959); 24 C.J.S. Criminal Law § 1571(4) (1961). In this case, however, it appears that the magistrate intended the probation to terminate when appellant paid Brune's medical and dental bills in full and completed the six month period without any serious violations. Thus, since appellant's probation could extend for up to two years depending upon when he paid Brune's medical and dental bills, his probation had not yet ended when the magistrate court ordered the additional payment of $303.

■ There is a problem with the magistrate's order, however. The terms of appellant's probation provided that he: "pay Mark Brune's medical [and] dental bills—receipt required." We construe this to mean that appellant need not make any payments until Brune presents receipts for paid bills, or possibly until he presents the unpaid bills themselves. The record shows that Brune has received $200 in restitution, but has presented bills totaling only $117. There is nothing in the record to support the order requiring payment of an additional $303. The magistrate court therefore erred in ordering that payment.

Accordingly, the judgment of the district court is reversed and remanded.

SHEPARD, BAKES, and BISTLINE, JJ., concur.

McFADDEN, Chief Justice, specially concurring:

I concur in the result reached by the majority and agree that reversal is proper.

However, I believe that an issue raised by the defendant-appellant merits comment.

This court is faced with the problem of interpreting the language transcribed in the majority opinion. The words in issue are printed by hand on a form titled "Disposition—Minute Entry." The partially completed form stands alone as the record in this case. There are no court minutes for the April 10, 1974 court session. at which probation terms were apparently announced. There is no transcript of those proceedings. There is no separate probation order or agreement. There is no judgment of conviction.

Defendant argues that the state of the record is so inadequate as to violate due process. This court has previously noted that:

"When there is such a breakdown in the application of established procedures, as is reflected by record, * * * there is such a lack of fundamental fairness and deviation from established rules of procedure as to necessitate the conclusion that appellant has not been afforded the protection of the due process clauses of the Constitutions of the United States and this State." *Ebersole v. State,* 91 Idaho 630, 428 P.2d 947 (1967).

The record here is abysmally inadequate. The words are unclear, and susceptible to several meanings. It is not apparent whether the "6 mos." applies to only "no more serious violations" or is also a time limit on the occurrence of new covered medical bills. Absent a clear record, this court can only engage in blatant speculation in attempting to place a meaning on the probation order. The denial of the defendant's due process resulting from the record-keeping process employed by the magistrate court is apparent and should not go unnoticed.

I am bothered by one additional aspect of this matter. In the course of the proceedings, it appears that the prosecuting attorney withdrew from active participation in the case and in his stead, an attorney for the victim was regularly present and as-

**390**

sumed an active role. The probation order called in some manner for restitution, which necessarily involves the payment of money to the victim. Given this, it was entirely inappropriate for the court to allow the role of the prosecuting attorney to atrophy while simultaneously allowing the victim's counsel to participate. This proceeding is a criminal matter, not a civil action for recovery of damages. Although it is not improper to require restitution of a person convicted of a crime, it is patently improper to allow the criminal process to be transposed into a civil arena.

Although I agree that reversal is appropriate, I note that the majority additionally remands the matter. I am unable to perceive any reason for remanding.

BAKES, J., concurs.