6 P.3d 843

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Russell LARSON, Defendant–Appellant.**

No. 25115.

Court of Appeals of Idaho.

July 20, 2000.

594

Marilyn Paul, Jerome, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Chief Judge.

Russell Larson appeals from a judgment of conviction and sentence entered upon his plea of guilty to possession of a controlled substance. I.C. § 37–2732(c)(1). For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Police officers obtained a search warrant for the residence of James Orr. While they were in the process of executing the warrant, the telephone rang. One of the officers answered the telephone. During the conversation, the caller twice asked whether the officer was "Jim." Each time, the officer responded that he was, even though his name was not "Jim." The officer asked the caller if he had any "stuff." The caller responded affirmatively. The officer asked the caller to come right over, and the caller agreed. Approximately five minutes later, the officer observed an individual approaching the residence. When the individual got to within approximately three feet of the front door of the residence, the officer came out of the house, noticed that the individual had what appeared to be a pistol in his waistband, and ordered the individual to raise his hands. The individual did not comply, and the officer wrestled him to the ground. Upon conducting a search, the officer discovered methamphetamine and two firearms. The individual was arrested and identified as Russell Larson.

Larson was charged with possession of a controlled substance with the intent to deliver. He moved to suppress the evidence seized, and the district court denied the motion. Larson and the state entered into a plea agreement in which Larson pled guilty to an amended charge of simple possession,

reserving his right to appeal the denial of his suppression motion and his sentence. The district court sentenced Larson to a unified five-year term, with three years fixed, suspended execution of the sentence, and placed Larson on three years' probation. Larson appeals.

## II.

## ANALYSIS

### A. Motion to Suppress

■ Larson challenges the district court's denial of his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which were supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App. 1996).

#### 1. Search of Orr's residence

Larson argues that because the search of Orr's residence was illegal, all evidence seized subsequent to that search is fruit of the poisonous tree and must be suppressed. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Specifically, Larson asserts that the warrant to search Orr's residence was invalid, and that "but for" the violation of Orr's constitutional rights, Larson would not have been summoned to Orr's residence and no evidence against him would have been seized.

■ Fourth Amendment rights are personal rights which may not be vicariously asserted. *Rakas v. Illinois,* 439 U.S. 128, 133–34, 99 S.Ct. 421, 424–26, 58 L.Ed.2d 387, 394–95 (1978). A search may be challenged when a personal interest under the Fourth Amendment is asserted and a legitimate expectation of privacy is shown to exist in the area searched or the items seized. *State v. Brown,* 113 Idaho 480, 483–84, 745 P.2d 1101, 1104–05 (Ct.App.1987). In determining whether an individual has standing to challenge a search, the question is whether governmental officials violated any legitimate expectation of privacy held by that individual. *See Rawlings v. Kentucky,* 448 U.S. 98, 106, 100 S.Ct. 2556, 2562, 65 L.Ed.2d 633, 642 (1980).

■ In *United States v. Congote,* 656 F.2d 971 (5th Cir. Unit B 1981), the court addressed an argument similar to Larson's. In that case, the court considered the question of whether Congote had standing to assert a violation of other individuals' Fourth Amendment rights. Congote had telephoned an apartment where government agents were conducting an illegal search. The court found that by answering the telephone the agents "grossly exceed[ed]" the Assistant United States Attorney's instructions to secure the residence. The court held that although the entry into the apartment and the act of answering a telephone may have been illegal, Congote possessed no reasonable expectation of privacy in the residence and, thus, had no standing to challenge the legality of the search of the apartment.

In the instant matter, we conclude that Larson lacks standing to challenge the search of Orr's residence. Larson argues that "but for" the officers' illegal conduct in searching Orr's residence, evidence used against him would not have been seized. However, any violation of Orr's constitutional rights cannot be, as a matter of law, a "poisonous tree" insofar as Larson's suppression motion is concerned. Nevertheless, whether Larson has standing to contest the search of Orr's residence is not dispositive to this Court's analysis of whether Larson's Fourth Amendment rights were violated.

#### 2. Telephone call

■ As we interpret Larson's argument on appeal, it also challenges the district court's conclusion that the Fourth Amendment was not violated when the officer, who answered the telephone, misrepresented his identity. A law enforcement agent may record conversations between himself or herself and another party without violating the Fourth Amendment. *United States v. Sileven,* 985 F.2d 962, 966 (8th Cir.1993).

The United States Supreme Court has recognized that the Fourth Amendment does

not protect "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." *Hoffa v. United States*, 385 U.S. 293, 302, 87 S.Ct. 408, 413, 17 L.Ed.2d 374, 382 (1966). Additionally, "[c]riminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer." *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 820–21, 2 L.Ed.2d 848, 851 (1958). It is noteworthy that the use of trickery and subterfuge by police has been approved in a number of circumstances. *See Frazier v. Cupp*, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969) (holding that an officer's lie to the defendant that his co-conspirator had confessed was insufficient to make an otherwise voluntary confession inadmissible); *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966) (finding no violation of defendant's privacy when a policeman lied about his identity in order to gain admittance to defendant's home and purchase illegal drugs); *United States v. Contreras–Ceballos*, 999 F.2d 432 (9th Cir.1993) (holding that where police used deception to induce an occupant to open the door, the knock and announce statute was not implicated); *Leahy v. United States*, 272 F.2d 487 (9th Cir.1960) (upholding the validity of an arrest made after an agent gained admittance to the appellant's premises by stating that he was an agent from the county assessor's office); *United States v. Salter*, 815 F.2d 1150 (7th Cir.1987) (holding police action in inducing defendant to open door by means of a ruse did not constitute intrusion within meaning of knock and announce statute).

During appellate oral argument, Larson conceded that, had the officer deceived him during a face-to-face encounter, *Hoffa* and its progeny would apply and no Fourth Amendment violation would have occurred. However, Larson appears to argue that, because the officer's deception occurred over the telephone, as opposed to during a face-to-face conversation, *Hoffa* is distinguishable. We disagree. The reasoning in *Hoffa*, that "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it," is equally applicable in the case where a police officer misrepresents his or her identity over the telephone. That Larson did not know the officer's true identity is irrelevant. *See United States v. Passarella*, 788 F.2d 377, 380 (6th Cir.1986). Accordingly, the Fourth Amendment was not violated by the officer's misrepresentation of his identity over the telephone.[1]

**B. Sentence**

Larson asserts that the district court abused its discretion in sentencing him. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

It should be noted at the outset that Larson challenges his unified five-year sentence, with three years fixed. However, the district court suspended execution of that sentence and placed Larson on three years' probation. Therefore, this Court will analyze the probationary period on appeal.

Larson was originally charged with possession of methamphetamine with the intent to deliver. At the time he was arrested, Larson was in possession of nine grams of methamphetamine and two firearms. Pursuant to an agreement with the state, Larson pled guilty to simple possession of methamphetamine, the maximum penalty for which is seven years imprisonment and a $15,000 fine. Therefore, the sentence in this case is not illegal.

The presentence investigation report (PSI) sets forth the underlying facts of this case. Larson telephoned a residence where the

1. Larson does not challenge the circumstances surrounding his arrest once he arrived at the home. Therefore, we do not address that issue. Additionally, having found that Larson lacked standing to assert a constitutional violation in the search of Orr's residence, and that no constitutional violation occurred when the officer deceived Larson regarding the officer's identity, it is unnecessary for us to address the state's contention that the evidence seized from Larson's person was procured by a source independent of any constitutional violation.

police were in the process of executing a search warrant. When Larson was asked by one of the officers if he had the "stuff," Larson answered affirmatively and went to that residence. Larson was arrested at the residence upon his arrival. When he was arrested, Larson was found to be in possession of two handguns and approximately nine grams of a substance that field tested positive for the presence of amphetamines.

The PSI also indicates that in 1985, Larson was convicted of several misdemeanor firearms charges in California. The PSI reveals that Larson first used illegal drugs at the age of fifteen and used those drugs whenever possible. The summary of the drug and alcohol evaluation report that was ordered by the district court also indicates that Larson admitted he has a serious problem with drugs and a possible problem with alcohol.

During the sentencing hearing, the district court noted the goals of sentencing, the factors it was required to consider pursuant to I.C. § 19–2521, and the specific facts of Larson's case. The district court imposed a unified five-year sentence, with three years fixed, suspended execution of that sentence, and placed Larson on three years' probation.

Larson has failed to show that a sentence of three years' probation was an abuse of the district court's discretion.

## III.

## CONCLUSION

We hold that Larson lacked standing to challenge the legality of the search of Orr's residence. We further hold that a police officer's act of misrepresenting his or her identity to a caller does not violate the Fourth Amendment. Finally, we hold that the district court did not abuse its discretion when it sentenced Larson. Therefore, Larson's judgment of conviction and sentence of three years' probation are affirmed.

Judge LANSING, and Judge Pro Tem SWANSTROM concur.