29 P.3d 406

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donna BABB, Defendant–Appellant.**

No. 26239.

Court of Appeals of Idaho.

July 16, 2001.

---

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Judge.

Donna Babb appeals the denial of her motion to suppress evidence that she contends was the product of an illegal detention and arrest. Babb asserts that in denying her motion, the district court relied on facts that were not supported by evidence presented at the suppression hearing.

## FACTS AND PROCEDURAL HISTORY

Babb was charged with possession of methamphetamine, Idaho Code § 37–2732(c)(1). She filed a motion to suppress "any and all evidence gathered against the defendant ..." based upon her assertion that "the warrantless seizure and arrest by the officers was unlawful and without legal justification...." At the suppression hearing, the State's sole witness was Deputy Stewart. He testified that the Kootenai County Sheriff's Office received a report from security personnel at a bingo casino that drug transactions might be underway in the casino's parking lot. Deputies Stewart and Nelson were dispatched to the casino and observed Babb and another individual, Keith Rees, shutting the door on a vehicle and walking

toward the casino. The officers stopped Babb and Rees for questioning, and Deputy Stewart began talking with Rees. During the conversation, Babb attempted to walk away, but Deputy Nelson told her to stop so that he could talk to her. Deputy Stewart was engaged in arresting Rees on an outstanding warrant. While doing so, he could observe Deputy Nelson conversing with Babb, but could not hear the content of their conversation. Deputy Stewart also saw Deputy Nelson conduct a pat down search which yielded a syringe from Babb's coat pocket. Deputy Nelson arrested Babb for frequenting a place where drugs are used, handcuffed her, and placed her on a curb to await transportation. Deputy Stewart then left the scene to retrieve his vehicle from the other side of the casino. He thereafter transported Babb to the public safety building where she was booked on a charge of possession of a controlled substance, methamphetamine. Deputy Stewart testified that he had no first-hand knowledge of the circumstances surrounding the discovery of the methamphetamine for which Babb was charged. Deputy Nelson did not testify at the suppression hearing because he had moved to Seattle, Washington, and there was no evidence presented as to how or where the methamphetamine was found or seized.

At the conclusion of the suppression hearing, the district court held that the record did not support any finding of probable cause for Babb's arrest. However, the court asked the parties to file supplemental briefing on whether Babb had a privacy interest in the parking lot and whether jettisoned contraband after an illegal arrest is tainted evidence. The parties submitted briefs on these issues. The State's brief presented many factual allegations that were not shown by Deputy Stewart's testimony. These included an allegation that after Babb was placed in Deputy Stewart's vehicle, two bindles of methamphetamine were discovered near the curb where Babb had been sitting while awaiting transportation. The State also filed a motion to re-open the presentation of evidence on Babb's suppression motion, presumably to present evidence of the facts asserted in the State's brief. The district court subsequently issued a memorandum decision denying the suppression motion in which the court adopted many of the unsupported factual allegations contained in the State's supplemental brief. The district court also ruled that the State's motion to re-open the evidence was moot in light of the denial of the suppression motion. The case proceeded to trial, after which a jury found Babb guilty of possession of methamphetamine.

Babb appeals the denial of her suppression motion. She asserts that the district court erroneously relied on facts that were not in evidence but were only alleged in the State's supplemental briefing. Babb also asserts that the State did not meet its burden of proving a justification for Babb's warrantless arrest.

## ANALYSIS

When evaluating the denial of a motion to suppress evidence, this Court gives deference to the lower court's findings of fact that are supported by substantial evidence, but we freely review the lower court's determination of whether constitutional standards have been satisfied in light of the facts. *State v. Hawkins,* 131 Idaho 396, 400, 958 P.2d 22, 26 (Ct.App.1998); *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App.1996); *State v. Pick,* 124 Idaho 601, 603, 861 P.2d 1266, 1268 (Ct.App.1993).

Babb challenges the district court's findings because the court relied on facts asserted in the State's supplemental briefing that were unsupported by the evidence presented at the suppression hearing. On appeal, the State concedes that the district court improperly adopted the State's assertions as factual findings without an evidentiary basis. Nevertheless, the State raises two alternative grounds to affirm the district court's denial of the suppression motion. First, the State argues that Babb had a threshold burden, which she did not meet, to demonstrate a privacy interest in the abandoned contraband. Second, the State contends that Babb also had a burden to show that there was a factual nexus between her allegedly illegal arrest and the discovery of the methamphetamine, and that this burden was not satisfied.

We consider first the State's contention that it was incumbent upon Babb to prove a privacy interest in the methamphetamine. According to the State, it was Babb's burden to show that she had a reasonable expectation of privacy in the methamphetamine, and her failure to produce any evidence in this regard justifies the denial of her suppression motion for lack of standing. We find the State's argument misplaced. The "reasonable expectation of privacy" requirement for standing applies when defendants challenge an illegal *search*, not an illegal detention or arrest. When a defendant contends that a warrantless search was unlawful, the defendant must demonstrate that he or she had a reasonable expectation of privacy in the place or thing that was searched. *See Rawlings v. Kentucky*, 448 U.S. 98, 105–07, 100 S.Ct. 2556, 2561–63, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 131, n. 1, 99 S.Ct. at 424, n. 1, 58 L.Ed.2d 387 (1978); *State v. Larson*, 134 Idaho 593, 595, 6 P.3d 843, 845 (Ct.App.2000); *State v. Peters*, 130 Idaho 960, 961–62, 950 P.2d 1299, 1300–01 (Ct.App.1997); *State v. Vasquez*, 129 Idaho 129, 131, 922 P.2d 426, 428 (Ct.App.1996). Here, however, Babb sought suppression of the methamphetamine on the basis of an allegedly illegal *seizure* of Babb's person, not a search. Unquestionably, a defendant has standing to challenge the legality of her own detention or arrest because the defendant's liberty has been infringed regardless of whether any privacy interest of the defendant was invaded. *See, e.g., State v. Haworth*, 106 Idaho 405, 406, 679 P.2d 1123, 1124 (1984); *State v. Troughton*, 126 Idaho 406, 410, 884 P.2d 419, 423 (Ct.App.1994); *State v. Luna,* 126 Idaho 235, 237, 880 P.2d 265, 267 (Ct.App.1994). Accordingly, the State's argument that the denial of the suppression motion is warranted because Babb did not demonstrate a privacy interest in the contraband is without merit.

As an alternative basis to affirm the district court's order, the State argues that Babb bore a burden, which she did not meet, to show a factual nexus between her allegedly illegal arrest and the evidence she sought to suppress. We agree that Babb bore such a burden. Application of the exclusionary rule to suppress evidence is appropriate only as to evidence that is fruit of the illegal governmental activity. *Segura v. United States*, 468 U.S. 796, 815, 104 S.Ct. 3380, 3390–91, 82 L.Ed.2d 599 (1984); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *State v. Bainbridge*, 117 Idaho 245, 249, 787 P.2d 231, 235 (1990); *State v. Hoak*, 107 Idaho 742, 749, 692 P.2d 1174, 1181 (1984). The test is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun*, 371 U.S. at 488, 83 S.Ct. at 417 (quoting MAGUIRE, EVIDENCE OF GUILT, p. 221 (1959)). On a suppression motion, it is the defendant's burden to go forward with evidence showing a causal connection between the allegedly illegal search or seizure and the State's acquisition of the challenged evidence. The United States Supreme Court commented on this burden in *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), noting that when an illegal search has come to light, the defendants must "go forward with specific evidence demonstrating taint," although the government "has the ultimate burden of persuasion to show that its evidence is untainted." *Id.* at 183, 89 S.Ct. at 972. In that case, the Supreme Court required the government to disclose all records of illegal surveillance for the defendants' use in attempting to meet their burden to show that trial evidence was tainted by the illegality. *Id.* at 181–85, 89 S.Ct. at 970–73. The Ninth Circuit Court of Appeals has described the parties' respective burdens as follows: "The Government must prove that particular evidence or testimony is not fruit of the poisonous tree, but a defendant has the initial burden of establishing a factual nexus between the illegality and the challenged evidence." *United States v. Kandik*, 633 F.2d 1334, 1335 (1980). *See also United States v. Nava–Ramirez*, 210 F.3d 1128, 1131 (10th Cir.2000); *United States v. Wuagneux*, 683 F.2d 1343, 1353 (11th Cir.1982); *United States v. Sacco*, 563 F.2d 552, 558 (2nd Cir. 1977); *United States v. Crouch*, 528 F.2d 625, 629 (7th Cir.1976). *See also* 10 C. WRIGHT,

FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 677 at 797 (1982).[1]

At the suppression hearing in Babb's case, the State acknowledged that Babb had been initially detained for investigative purposes and ultimately arrested, and that the methamphetamine was found subsequent to the arrest. The State did not concede, however, that discovery of the methamphetamine resulted from the detention or arrest (or that detention or arrest was illegal). Babb's attorney *argued* that "but for the fact that there was an arrest in this case, no evidence would have been obtained," but Babb did not actually introduce any evidence to substantiate that claim.

 Ordinarily, this failure by a defendant to show a nexus between the alleged illegality and the discovery of the challenged evidence would require that we affirm the denial of a suppression motion. In the present case, however, we conclude that such a disposition is inappropriate because Babb did make a tentative offer of evidence which, if admitted by the district court, might have met her burden. During argument to the court, Babb's attorney referred to a videotape of Babb's detention and arrest, including the period while she was sitting on a curb after her arrest, that apparently had been made by a casino security camera. The attorney stated, "If we need to go through, I can always offer and play the videotape, which is about approximately an hour and a half, for the court at this time or offer that if that's needed." The court did not act on this proffer of evidence but, instead, asked to hear the testimony of Deputy Stewart. Had the surveillance videotape been admitted into evidence, it might have been sufficient to demonstrate a factual nexus between Babb's arrest and the discovery of the methamphetamine. Therefore, we conclude that the district court's denial of the motion cannot be appropriately upheld on the basis of Babb's failure to meet her burden of proof.

In this circumstance, where the district court erroneously relied upon alleged facts that were not shown by the State's evidence and did not rule on a proffer of defense evidence, we deem it appropriate to vacate the district court's order and remand for a new suppression hearing. On remand, both parties will have a fresh opportunity to present evidence to meet their respective burdens and the trial court will be able to render a decision based upon a more complete evidentiary record.

## CONCLUSION

The district court's order denying Babb's suppression motion is vacated and the matter remanded to the district court for further proceedings.

Judge PERRY and Judge Pro Tem. CAREY concur.

---

1. A defendant's failure to meet this burden may be "cured" by the State's evidence at the same hearing. *See State v. Holland,* 135 Idaho 159, 162, 15 P.3d 1167, 1170 (2000).