239 P.3d 1286

STATE of Idaho, Plaintiff–Respondent,

v.

Terry Lynn MARSHALL, Defendant–
Appellant.

No. 33764.

Court of Appeals of Idaho.

Sept. 5, 2008.

Review Denied Dec. 12, 2008.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Terry Lynn Marshall appeals from his judgment of conviction for possession of a controlled substance, Idaho Code section 37–2732(c)(1), contending that the district court erred by denying his motion to suppress evidence found in his residence. We affirm.

## I.

### BACKGROUND

On February 28, 2003, Laurie Nelson, Marshall's girlfriend and roommate, was placed on probation in Bonneville County district court. The order placing Nelson on probation included a term that she would consent to warrantless searches of her person, her residence, and her vehicle at the request of a probation officer. The order imposed a three-year period of probation but also stated: "Probation has been ordered for a specific length of time; however, probation shall not be terminated until the Court has both reviewed the performance of the probationer and has signed an order discharging the probationer."

In reliance on the consent condition of Nelson's probation, on June 23, 2006, a probation officer accompanied by several law enforcement officers conducted a warrantless search of the residence shared by Nelson and Marshall. Cocaine was found, and Marshall was charged with possessing the drug. Marshall moved to suppress the cocaine, contending that the warrantless search violated the protections of the Fourth Amendment to the United States Constitution and Article I, § 17 of the Idaho Constitution. The State

maintained that a search warrant was unnecessary because of the consent that was a term of Nelson's probation. Marshall argued, however, that Nelson's probation was for a three-year term that had expired before the search occurred.

At the conclusion of the suppression hearing, the district court held that under the terms of the probation order, Nelson's probation continued until she was discharged by a written order, and because no order discharging Nelson from probation had been shown, the warrantless search was permissible as a consent search. Accordingly, the court denied Marshall's suppression motion. Marshall then conditionally pleaded guilty, reserving the right to appeal the denial of his motion.

## II.

### ANALYSIS

On review of a suppression motion, we defer to the trial court's findings of fact that are supported by substantial evidence, but freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996).

The Fourth Amendment to the United States Constitution, as well as article I, § 17 of the Idaho Constitution, prohibit unreasonable searches. While a warrantless search is presumptively unreasonable, it will nevertheless be lawful if it falls within an established exception to the warrant requirement. *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130, 2135, 124 L.Ed.2d 334, 343–44 (1993); *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Garcia*, 143 Idaho 774, 777, 152 P.3d 645, 648 (Ct.App.2006). A search conducted with consent that was freely given is such an exception. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043–44, 36 L.Ed.2d 854, 858 (1973); *State v. Dominguez*, 137 Idaho 681, 683, 52 P.3d 325, 327 (Ct.App. 2002). This exception encompasses consents given as a condition of probation or parole. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Pecor*, 132

Idaho 359, 364, 972 P.2d 737, 742 (Ct.App. 1998); *State v. Peters*, 130 Idaho 960, 963, 950 P.2d 1299, 1302 (Ct.App.1997).

Whether the consent-to-search condition of Nelson's probation validated the search turns upon the length of her probation. If the probation term was three years, it expired on February 28, 2006, four months before the search, and the consent could not be relied upon to justify the search. Conversely, if she was still on probation at the time of the search, the consent remained in force. Idaho Code section 20–222 provides that a period of probation "may be indeterminate or may be fixed by the court...." Here, the order first imposed a three-year period of probation, but then made the term indeterminate through a further provision that the probation would not be terminated "until the Court has both reviewed the performance of the probationer and has signed an order discharging the probationer." Marshall does not assert that these terms violate section 20–222. Rather, he simply argues that the length of Nelson's probation was three years.

The question thus presented is the intent of the court that imposed Nelson's probation. That intent is to be derived from the language of the order. *State v. Phillips*, 99 Idaho 354, 355, 581 P.2d 1173, 1174 (1978); *State v. Bailey*, 98 Idaho 387, 389, 565 P.2d 580, 582 (1977). Like the district court, we find no ambiguity in the order as to when Nelson's probation would end. The plain language shows that the three-year period of probation is modified by the additional provision that Nelson would remain on probation until the court signed an order discharging her from that probation. The effect was to create an indeterminate period of probation with a three-year minimum term.

■ Marshall's next contention is that the State did not discharge its burden to show that Nelson had not been released from probation before the search. Marshall complains that for this factual issue the district court impermissibly placed the burden of proof upon him rather than upon the State. Marshall bases his contention on the district court's statement at the close of the hearing that "the only way that you show to me that

she is off probation is an order signed by the court saying it has been terminated."

■ On a suppression motion challenging a warrantless search, the defendant bears the evidentiary burden to show that a search occurred, that there was no warrant, and that the defendant has "standing" to challenge the search. By "standing" we mean that the defendant had a reasonable expectation of privacy in the place or thing that was searched. *See Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633, 641 (1980); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Holland*, 135 Idaho 159, 162, 15 P.3d 1167, 1170 (2000); *State v. Babb*, 136 Idaho 95, 98, 29 P.3d 406, 409 (Ct.App.2001); *Peters*, 130 Idaho at 961–62, 950 P.2d at 1300–01; *State v. Vasquez*, 129 Idaho 129, 131, 922 P.2d 426, 428 (Ct.App.1996). If the defendant makes this showing, then the burden shifts to the State to prove the applicability of an exception to the warrant requirement. *Holland*, 135 Idaho at 162, 15 P.3d at 1170.

The presentation of evidence on Marshall's suppression motion did not follow this burden-shifting process. Instead, the defense called all of the witnesses and proffered all of the exhibits. Because evidence was presented establishing that the police searched Marshall's home—where he assuredly had a reasonable expectation of privacy—and that the search was not pursuant to a warrant, Marshall is correct in asserting that the burden shifted to the State to prove the claimed warrant exception. It was the State's burden to prove that no order discharging Nelson from probation had been entered before the search was conducted. The State did not proffer such evidence, but it was relieved of that evidentiary burden because Marshall conceded that Nelson had never been discharged from probation by a court order. At the hearing, when the district court confronted Marshall's defense attorney with the probation order's provision that Nelson's probation would continue until the court issued a discharge order, defense counsel acknowledged that no such order had been entered.

In *Holland*, our Supreme Court considered a district court's denial of a suppression motion on the ground that the defendant had

not met her burden to show that she had standing or that a warrantless search occurred. Our Supreme Court agreed that the defendant had not met this evidentiary burden, but held that this failure did not justify the denial of her suppression motion because the State had "cured" the defendant's deficiency by eliciting testimony that the defendant's purse was searched and that this had been done without a warrant. *Holland*, 135 Idaho at 162, 15 P.3d at 1170. The same principle applies here. Because Marshall conceded that no order discharging Nelson from probation had been entered, the State was relieved of its burden to prove this fact. Thus, it does not matter whether the district court was mistaken as to which party bore the burden of proof because the predicate fact was uncontroverted. Marshall has shown no error in the denial of his motion to suppress evidence.

The district court's order denying the suppression motion is affirmed.

Chief Judge GUTIERREZ and Judge PERRY concur.