# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45312

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed:  June 26, 2018 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ISRAEL CASTRO TELLEZ, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

Judgment of conviction and order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.  Jenny C. Swinford argued.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.  Jeff Nye argued.

---

HUSKEY, Judge

Israel Castro Tellez appeals from the district court's judgment of conviction, asserting the district court erred by denying his motion to suppress.  Specifically, he argues the district court erred when it concluded that he was lawfully detained and that his detention was factually unrelated to the discovery of marijuana and drug paraphernalia.  The district court's denial of Tellez's motion to suppress is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2017, officers executed a search warrant for a house in Caldwell.  While walking toward the house in a single-file line on the neighborhood sidewalk, the officers viewed Tellez exit the house, walk down the driveway, open the door to a car parked on the side of the road in front of the house, look into the car, close the car door, and begin to walk away from the

car toward the house. The officers split up--one group detained and frisked Tellez in the middle of the street. Tellez told the officers he was looking for something in the car. The other group of officers proceeded to the house and executed the search warrant. Present in the house was Tellez's girlfriend, who lived there with her child.

While one group of officers searched the house, the other group led a canine around four vehicles near the house. The canine alerted on two vehicles, including the car Tellez had opened. The officers searched the car and found several duffle bags containing marijuana and drug paraphernalia. Tellez told the officers that the marijuana and drug paraphernalia were his, but that the car belonged to his brother.

Tellez was charged with possession of a controlled substance with intent to deliver, possession of marijuana in excess of three ounces, and possession of drug paraphernalia. He filed a motion to suppress the evidence, arguing the evidence was seized without a warrant and was the result of his unlawful detention. The district court denied, in the course of two hearings, Tellez's motion to suppress. In the first hearing, the district court concluded that Tellez's detention was factually unconnected to the search of the car. In the second hearing, the district court concluded Tellez was within the immediate vicinity of the premises to be searched.

Tellez entered a guilty plea to the charge of possession of a controlled substance with intent to deliver, but reserved his right to appeal the denial of his motion to suppress. The district court imposed a three-year unified sentence, with two years determinate, but suspended the sentence and placed Tellez on probation for three years. Tellez timely appealed to this Court.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

# III.

# ANALYSIS

Tellez argues the district court erred when it concluded he was lawfully detained. He asserts he was not within the immediate vicinity of the premises the officers searched pursuant to the search warrant. Because he argues his detention was unlawful and led to the search of his brother's car, Tellez asserts the marijuana and drug paraphernalia evidence should be suppressed under the exclusionary rule.

**A.      Tellez Has Not Proved a Factual Nexus Between His Detention and the Discovery of the Marijuana and Drug Paraphernalia**

Preliminarily, we resolve a point of contention between the parties: whether the district court's findings and conclusions in the second suppression hearing superseded those it made in the first suppression hearing. The transcripts of the hearings show that the substance of the second hearing was different from the first, discussing different aspects of Tellez's motion to suppress. The first hearing was focused on the factual connection between Tellez's detention and the search of the car while the second focused on whether Tellez fell within the immediate vicinity of the premises to be searched. This Court concludes the district court's second hearing was merely a continuation of the first, providing an alternate ground for the denial of Tellez's motion to suppress.

"The exclusionary rule calls for suppression of evidence that is gained through unconstitutional governmental activity." *State v. Kapelle*, 158 Idaho 121, 127, 344 P.3d 901, 907 (Ct. App. 2014). The "defendant bears an initial burden of going forward with evidence to show a factual nexus between the illegality and the state's acquisition of the evidence." *Id.* Thus, a defendant must show "the evidence sought to be suppressed would not have come to light but for the government's unconstitutional conduct." *Id.*; *see also State v. McBaine*, 144 Idaho 130, 133, 157 P.3d 1101, 1104 (Ct. App. 2007); *State v. Babb*, 136 Idaho 95, 98, 29 P.3d 406, 409 (Ct. App. 2001).

In an attempt to meet his burden under the exclusionary rule, Tellez argues that if he had not been detained, he would have driven his brother's car away from the house, the car would not have been present for the canine sniff, and the marijuana and drug paraphernalia never would have been discovered. Even assuming Tellez was unlawfully detained, this bare assertion is not sufficient to establish a factual nexus between Tellez's detention and the discovery of the drug evidence. Indeed, the available evidence from the record supports the conclusion that Tellez had

no intention to drive away in the car, but had closed the door and was heading back towards the house, walking in the road to walk around the snow on the unshoveled sidewalk. Thus, regardless of his detention, the officers would have led the canine around the cars near the premises they were searching. In the words of the district court, the discovery of the drug evidence was totally unrelated to Tellez's detention. Because Tellez has failed to show a factual nexus between his detention and the discovery of the drug evidence, the exclusionary rule is not in play and the district court did not err by denying Tellez's motion to suppress.

**B.      Even If There Were a Factual Nexus Between Tellez's Detention and the Discovery of the Marijuana and Drug Paraphernalia, Tellez's Detention Was Justified**

Even assuming there was a factual nexus between Tellez's detention and the discovery of the drug evidence, the exclusionary rule does not result in the suppression of the drug evidence because Tellez's detention was lawful. In *Bailey*, the United States Supreme Court held that law enforcement may, incident to the execution of a search warrant, detain individuals within the "immediate vicinity" of the premises to be searched. *Bailey v. U.S.*, 568 U.S. 186, 194-202 (2013). Faced with the argument that officers should also be able to detain individuals outside of the immediate vicinity, the Court analyzed three justifications for detention it had previously used in *Michigan v. Summers*, 452 U.S. 692, 702-03 (1981). *Bailey*, 568 U.S. at 194-202. The Court concluded the three detention justifications did not support the proposition that a search warrant provides law enforcement cause to detain individuals outside the immediate vicinity of the premises to be searched. *Id.* In other words, the Court stated that the "categorical authority to detain incident to the execution of a search warrant must be limited to the immediate vicinity of the premises to be searched." *Id.* at 199. The Court in *Bailey* also clarified what constitutes the "immediate vicinity" of the premises to be searched. In close cases, courts should consider several factors: whether an individual (1) was within the lawful limits of the premises, (2) was within the line of sight of the premises to be searched, (3) was able to easily reenter the premises to be searched from his location, and (4) other relevant factors. *Id.* at 201.

In *Davis*, this Court heard argument from a defendant who was detained on a "communal sidewalk that led to the common entry area of only four apartments," just "8 to 10 feet . . . from the bottom of the stairs" which led to the premises to be searched. *State v. Davis*, 158 Idaho 857, 862, 353 P.3d 1091, 1096 (Ct. App. 2015). The Court concluded the defendant was within the immediate vicinity of the apartment to be searched without engaging the four factors outlined in *Bailey*. *Id.*

Tellez argues his case would stretch the applicable limits of the "immediate vicinity" definition such that this Court should review the four factors from *Bailey* and consider the detention justifications from *Summers*. We disagree. Tellez does not ask us to apply the *Summers* rule to a new category of cases, thus justifying the analysis of the additional factors. Instead, Tellez simply argues he was not in the immediate vicinity of the premises to be searched; this is a straightforward application of *Summers*.

Like the detention in *Davis*, Tellez's detention occurred within the immediate vicinity of the premises to be searched. The touchstone of the Fourth Amendment is reasonableness. In this case, given the circumstances, it was objectively reasonable for the officers to consider someone who was in the process of reentering the house and was in close geographical proximity to the house, to be within the immediate vicinity of the house to be searched. He was detained directly outside his girlfriend's house. Therefore, his detention was lawful incident to the search warrant the officers were serving upon Tellez's girlfriend's house. Because his detention was lawful, and even assuming a factual nexus between the detention and the discovery of the drug evidence, the district court did not err in denying Tellez's motion to suppress.

## IV.
## CONCLUSION

Because there was no factual nexus between Tellez's detention and the discovery of the marijuana and drug paraphernalia evidence, the judgment of conviction and the district court's denial of Tellez's motion to suppress are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.