**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48342**

| | |
|---|---|
| ROBERT LEE STARK, | ) |
| | ) **Filed: April 1, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Robert Lee Stark appeals from the district court's denial of his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While officers were in the process of serving a felony arrest warrant on Stark's wife, the officers learned Stark had aided his wife, knowing she was a wanted felon. As a result, Stark was informed that he was under arrest for harboring a felon. Prior to being restrained, Stark was allowed to tie up the dog he had with him, ordered to remove the backpack he had been wearing, and set it on the ground near the dog. Stark then walked a couple of feet away to be handcuffed. Officers moved Stark to a police vehicle and searched his person while a separate officer picked up the backpack and brought it to the vehicle. At no time did Stark consent to a search of the

1

backpack. Instead, Stark told an officer that the backpack was not his and he did not know what was in it. A search of the backpack revealed that it contained methamphetamine.

Stark pled guilty to trafficking methamphetamine. Subsequently, Stark filed a petition for post-conviction relief asserting ineffective assistance of counsel. Stark argued trial counsel failed to file a motion to suppress the evidence found from an unconstitutional search of the backpack. The district court denied Stark's petition for post-conviction relief. Stark timely appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Stark argues his trial counsel was ineffective by failing to file a motion to suppress the evidence found in the backpack and the district court erred in denying his petition for post-conviction relief.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden

2

of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Stark contends a motion to suppress would have been successful because the search of the backpack was unconstitutional. Stark argues that the search incident to arrest exception does not apply to the backpack because it was not on his person or within his reach at the time of the search. Next, Stark disputes the State's abandonment argument because after he was arrested, but prior to receiving *Miranda*[1] warnings, Stark said he did not own the backpack. Lastly, Stark claims the district court erred when it applied the inevitable discovery doctrine to determine whether the suppression motion would have been successful because the State failed to proffer that theory. Alternatively, Stark argues that even if the district court could apply the inevitable discovery doctrine, the State has not proven the backpack would have inevitably been transported with him and searched.

We need not decide whether the backpack was properly searched incident to arrest or whether Stark abandoned the backpack because a motion to suppress would have been denied, as

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

the district court found, by application of the inevitable discovery doctrine. The inevitable discovery doctrine allows admission of evidence, even if the evidence was actually obtained by constitutionally improper means, if the evidence would have been found by lawful means. *Nix v. Williams*, 467 U.S. 431, 444 (1984); *Stuart v. State*, 136 Idaho 490, 497-98, 36 P.3d 1278, 1285-86 (2001). As to Stark's argument that the State failed to argue the inevitable discovery doctrine, Stark confuses his burden and the burden of the State because in a post-conviction proceeding, it is not the State's burden to prove the search was constitutional.

In the underlying criminal case, to challenge a warrantless search the defendant has the burden to show that a search occurred, that there was no warrant, and that the defendant had a reasonable expectation of privacy in the area that was searched. *State v. Marshall*, 149 Idaho 725, 727, 239 P.3d 1286, 1288 (Ct. App. 2008). Then the burden shifts to the State to prove that an exception to the warrant requirement applies. *Id.*

Conversely, in post-conviction, it is the petitioner's burden to prove the likely success of the motion to suppress before the trial court. The petitioner, not the State, must show that no exception to the warrantless search would apply. The petitioner must show that the motion would have been wholly successful, not just that the petitioner had standing to challenge a warrantless search. Thus, for a suppression motion to be successful, none of the exceptions to the warrant requirement can apply and it is the petitioner's burden to so demonstrate.

Lastly, it is the district court's duty to consider the probability of success of the motion. *Lint*, 145 Idaho at 477, 180 P.3d at 516. Because Stark carried the burden of proof, the State need not have expressly argued inevitable discovery for preservation purposes. To hold differently would shift the burden to the State, which is inappropriate in a post-conviction setting. Therefore, even if the State did not proffer the inevitable discovery theory, the district court was well within its discretion to consider exceptions to the warrant requirement, like inevitable discovery, that would affect the likelihood of the motion's success.

In this case, Stark argued that the search incident to arrest exception was inapplicable and failed to address the applicability of all other warrantless exceptions upon which the State could have relied in the underlying criminal case. Stark failed to show that the methamphetamine in the backpack would not have inevitably been discovered during inventory upon his arrest.[2] Since the

---

[2] This Court is not persuaded by Stark's argument that law enforcement could have left the backpack where Stark had placed it and not taken it to booking.

evidence remains admissible under the inevitable discovery doctrine, the district court was correct to find the trial court would not have granted Stark's motion to suppress.

As stated by the district court, the evidence and reasonable inferences therefrom submitted at the evidentiary hearing was sufficient to find that the inevitable discovery exception to the warrant requirement applied to the search of the backpack. Therefore, Stark failed to demonstrate that the motion to suppress would have been successful and, thus, failed to show ineffective assistance of counsel. The district court did not err in denying Stark's post-conviction relief claims.

## III.
## CONCLUSION

The district court was correct to conclude that Stark failed to show that a motion to suppress would have been granted. As a result, Stark has failed to prove either prong of the *Strickland* test. We hold the district court did not err by denying Stark's petition for post-conviction relief, and we affirm the district court's judgment.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.