979 P.2d 100

STATE of Idaho, Plaintiff–Respondent,

v.

Lori Kay NEWSOM, Defendant–Appellant.

No. 24697.

Supreme Court of Idaho,
Boise, October 1998 Term.

Dec. 17, 1998.

Stewart A. Morris, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent. Michael A. Henderson argued.

JOHNSON, Justice

This is a criminal case. We conclude that the search of a passenger's purse as part of a vehicle search following the arrest of the driver violated the passenger's right to be free from unreasonable search and seizure.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Two Boise police officers (the officers) saw a vehicle that made several turn signal violations. The officers initiated a registration check and continued to watch the vehicle while waiting for the results. The officers saw a passenger (the passenger) enter the vehicle and then saw the vehicle make more turn signal violations as it drove away. Through the registration check the officers learned that there were outstanding felony arrest warrants for the registered owner of the vehicle. The officers stopped the vehicle based on this information and the turn signal violations. Through an identification check the officers learned that the driver was not the owner of the vehicle and that there were outstanding felony arrest warrants for the driver. One of the officers (the first officer) arrested the driver. At that time, the passenger, Lori Kay Newsom, was sitting in the passenger seat of the vehicle. She later testified at a suppression hearing that her purse was in her lap at that time. The other

officer (the second officer) asked the passenger to get out of the vehicle. According to the passenger's testimony at the suppression hearing, she began to get out of the vehicle while holding her purse but the second officer ordered her to leave her purse in the vehicle. During his testimony at the suppression hearing, the second officer was not asked whether he ordered the passenger to leave her purse in the vehicle. On this subject, his only testimony was that when the passenger stepped out of the vehicle, "[s]he didn't have a purse with her. It was inside the car." While the second officer questioned the passenger, the first officer searched the vehicle incident to the driver's arrest and found the passenger's purse. Inside the purse, the first officer found "a little blue change purse" that contained two glass vials and several tinfoil bindles of methamphetamine. After being questioned by the officers, the passenger admitted that the purse was hers.

The passenger was charged with felony possession of a controlled substance, pled not guilty, and requested that the trial court suppress the methamphetamine taken from her purse. Relying on *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the trial court denied suppression, stating that "it was a search incident to a valid arrest under the *Belton* case." The passenger requested that the trial court make factual findings. The trial court made only the following finding, which was prepared by the State at the request of the trial court:

> Having heard the testimony submitted at the Suppression Hearing from [the first and second officers], as well as the testimony of [the passenger], the Court finds that the officers['] actions were appropriate and that the search of [the passenger's] purse was lawful incident to the arrest of the driver of the vehicle.

The trial court did not make a finding about where the passenger's purse was at the time of the driver's arrest or whether the passenger's purse was left in the vehicle by the passenger voluntarily or at the second officer's direction.

The passenger entered a conditional guilty plea, reserving the right to appeal the denial of the suppression motion. The trial court accepted the conditional plea and entered a judgment of conviction. The passenger appealed. This Court assigned the case to the Court of Appeals, which ruled that the search was lawful. On the passenger's request, we granted review of the decision of the Court of Appeals.

## II.

## THE TRIAL COURT SHOULD NOT HAVE DENIED SUPPRESSION BASED ON *BELTON*.

The passenger asserts that the trial court should not have denied suppression based on *Belton*. We agree.

 When we review a trial court's order denying a motion to suppress evidence on constitutional grounds, we defer to the trial court's factual findings unless they are clearly erroneous, and we freely review whether constitutional requirements have been satisfied in light of the facts found. *State v. Webb*, 130 Idaho 462, 465, 943 P.2d 52, 55 (1997). In the present case, the only findings to which we defer are those actually made by the trial court or any that are implicit in the trial court's decision. *State v. Kirkwood*, 111 Idaho 623, 625, 726 P.2d 735, 737 (1986).

In *Belton*, the United States Supreme Court announced the following rule:

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. Such a container may, of course, be searched whether it is open or closed....

453 U.S. at 460–61, 101 S.Ct. at 2864, 69 L.Ed.2d at 775 (citations omitted).

■ *Belton* does not authorize the search of another occupant of the automobile merely because the other occupant was there when the arrest occurred. As the Supreme Court carefully pointed out in *Belton*, "the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." 453 U.S. at 461, 101 S.Ct. at 2864, 69 L.Ed.2d at 775. Therefore, in the present case *Belton* does not authorize a search of the passenger based solely on the arrest of the driver.

■ The passenger testified at the suppression hearing that when the second officer asked her to step out of the vehicle: "I had my purse on my lap." There is no evidence in the record disputing this fact, nor is there any implicit finding of the trial court rejecting this testimony. In these circumstances, the passenger's purse was entitled to as much privacy and freedom from search and seizure as the passenger herself. The undisputed evidence is that the passenger did not leave the purse in the vehicle voluntarily. The only evidence in the record concerning this question is the passenger's testimony that the second officer directed her to leave her purse in the vehicle. The second officer's testimony did not contradict the passenger's testimony. The second officer testified only that the passenger left the vehicle without her purse. There is no explicit or implicit finding of the trial court rejecting the passenger's version. Indeed, the only indication of an implicit finding on this question is contained in a colloquy between the attorney for the passenger and the trial court in which the trial court appears to accept the passenger's version of this event. Therefore, we conclude that when the passenger left the vehicle she was entitled to take her purse with her and was not required by *Belton* to leave it in the vehicle for the first officer to search.

Based on *Belton*, the trial court should not have denied the passenger's request that the evidence taken from her "little blue change purse" be suppressed. Because the trial court focused only on the implications of *Belton*, we do not address any other basis upon which the evidence might be admissible.

## III.

## CONCLUSION

We vacate the trial court's denial of suppression of the evidence found in the passenger's purse.

We remand the case to the trial court for further proceedings.

Chief Justice TROUT and Justice Pro Tem WESTON CONCUR.

Justice SCHROEDER, SPECIALLY CONCURRING.

I concur in the Court's decision. However, the decision should not be read to restrict police from taking those steps necessary to assure their safety and the safety of others when dealing with a passenger in a vehicle in which the driver has been arrested. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This point was acknowledged by counsel for Newsom at the hearing on the motion to suppress:

In this particular case, she started to get out of the car with the purse. They told her to leave the purse there. They knew they were going to search the car for weapons and contraband. So that's just a way of getting around it. *What they should have done as she started to get out with her purse, they should have stopped her right there, opened up the purse to see if there's weapons there, gave her her purse back and then questioned her.* But they didn't do that because they know they're going to search the car for weapons and contraband. If they want to search the purse, all they've got to do is tell her to leave it behind. And they do that to try to get around the warrantless requirement.

So I don't think the court should fall for that. I mean, that's a trick as old as the ages. It's the procedure that's established. *But if they don't follow the correct procedure, that is, let her get out of the car with the purse—they offered no justification for her not doing that. And then they can look in the purse. If there is a weapon there, they can seize it.* But there is absolutely no reason for them to search the purse other than the fact that they told

her to leave it behind in the car and then they searched the car, searched the purse, found the drugs. I think that's suppressible.

Justice SILAK CONCURS.