15 P.3d 1167

STATE of Idaho, Plaintiff–Respondent,

v.

Lerleyna L. HOLLAND, Defendant–
Appellant.

No. 25429.

Supreme Court of Idaho,
Boise, November 2000, Term.

Dec. 29, 2000.

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Deputy Attorney General Karen A. Hudelson argued.

TROUT, Chief Justice.

This is an appeal from an order denying the appellant's, Lerleyna Holland's (Holland), motion to suppress evidence.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 1998, Lerleyna Holland (Holland) was the passenger in a vehicle pulled over for having a cracked windshield in violation of I.C. § 49–943(1). Section 49–943(1) states, "[No] person shall drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield ... which obstructs the driver's clear view of the highway or any intersecting highway." During the stop, Deputy Sherar ("Sherar") discovered the driver of the vehicle had an outstanding warrant for his arrest. Sherar removed the driver from the car, arrested him, and placed him in the back seat of the patrol car. Since the vehicle belonged to a relative of the driver, Sherar needed to impound the car.

Sherar returned to the vehicle and asked Holland to exit the car so it could be impounded. Sherar patted Holland down for weapons. Either while she was exiting the car, or shortly thereafter, Holland requested a leather jacket and a purse belonging to her which were still in the car. Sherar told Holland she could have the items, but he would first have to check them for weapons. Inside Holland's purse, Sherar found a pencil box. In the pencil box he found a silver dollar sized, red plastic container with a semi-transparent lid. Through the lid he could see a powdery substance he "recognized as possibly being methamphetamine." After removing the lid for a better look, he arrested Holland. Sherar asked her if there was anything else in the purse and Holland replied, "I think you've already found it." A further search of the bag turned up a glass pipe. A search of the car revealed another glass pipe on the seat where Holland had been sitting.

Later that night, Holland waived her rights and spoke with Sherar. She admitted the powder was methamphetamine, the pipes were hers, and that other items in the pencil box were for using methamphetamine.

Holland was charged with possession of methamphetamine. Prior to trial she filed a motion to suppress all evidence obtained as a result of the illegal search of her personal property. The only supporting documentation was a memorandum stating that (1) warrantless searches are per se unreasonable unless proven by the state to be within a warrant exception, (2) no exception was applicable and (3) the evidence should be suppressed.

A hearing on the Motion to Suppress was held on December 16, 1998. At the hearing on the motion, Holland's counsel attempted to rely completely on the State's burden of proving the validity of the search. He asked the court to take judicial notice of the lack of a warrant and then waited for the State to prove its case. Upon being pressed by the

judge to more clearly identify what the issues were, Holland's counsel noted it was their position that Holland had standing to require the State to justify her initial detention. The State then called Sherar as a witness. After Sherar's testimony the State rested. When the court asked Holland's counsel to present argument first, her counsel again insisted that since the State had the burden of proof, the State was to argue first. Upon the judge's demand that he present an issue or have the motion denied, Holland's counsel asked the court to consider whether the pat down was justified.

The district judge, relying on *State v. Newsom* as decided by the Court of Appeals prior to this Court's review of the case, *see State v. Newsom*, 132 Idaho 698, 979 P.2d 100 (1998) *cert. denied sub nom Idaho v. Newsom*, 526 U.S. 1158, 119 S.Ct. 2048, 144 L.Ed.2d 215 (1999), denied the motion.

On December 21, 1998, the district judge issued his Order denying the Motion to Suppress, but noted that in light of this Court's decision on December 17, 1998, in *Newsom*, the parties might want to present additional argument. The parties presented additional arguments on January 9, 1999, and the district judge again denied the motion. Reserving the right to appeal the ruling on the suppression motion, Holland entered a conditional guilty plea to a charge of possession of methamphetamine. This appeal followed.

## II.

### STANDARD OF REVIEW

■ The standard of review of a suppression motion is bifurcated. We accept the trial court's findings of fact that are supported by substantial evidence, but freely review the application of constitutional principals to the facts as found. *See State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996).

## III.

### DISCUSSION

#### A. The Issue Of The Deputy's Justification For Stopping The Car Is Not Properly Before This Court.

■ On appeal, Holland contends her motion to suppress should have been granted because Sherar lacked probable cause[1] to stop the car she was riding in. This issue, however, was not raised below.

Idaho Criminal Rule 47 requires that a motion contain the grounds for granting the motion. Holland's motion contains only one ground for suppressing the evidence: the *per se* illegality of a warrantless search. A challenge to a warrantless search, however, does not automatically bring into issue the justification of the initial stop. Indeed, the law of searches and seizures are as different as they are similar. Therefore, Holland did not expressly raise the issue of the stop in the trial court.

The issue of the stop was also not properly raised before the district judge. *See State v. Duvalt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998) (issues that are argued to or decided by the trial court may be raised on appeal). When Holland's counsel began to question the State's witness during cross-examination about the grounds for the stop, the district judge asked her counsel to explain the relevance of the line of questioning. In response to the judge's inquiry, Holland's counsel withdrew the line of questioning. Additionally, although Holland's counsel mentioned that he wanted the district judge to consider the State's evidence justifying the stop, he provided the judge with no legal or factual argument as to why the State's evidence was insufficient. Based upon these few passing references to the issue, we cannot find that the issue was actually argued to the district judge. Therefore, Holland's challenge to the stop constitutes a new issue that cannot be raised on appeal. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v.*

---

1. If the issue were properly before the Court, we would apply the appropriate standard for vehicle stops. A vehicle may be stopped based upon an officer's reasonable suspicion that the vehicle is being driven contrary to traffic laws or that the vehicle or occupant has been or is about to be involved in criminal activity. *In re Driver's License Suspension of Deen*, 131 Idaho 435, 436, 958 P.2d 592, 593 (1998).

*Garcia*, 102 Idaho 378, 387, 630 P.2d 665, 674 (1981).

**B. Evidence Presented By The State Cured Holland's Procedural Error.**

 Holland argues the district judge erred in dismissing her motion to suppress for failure to meet her burden of proof.

 A defendant attempting to suppress evidence obtained from a search must come forward with evidence sufficient to show there was a Fourth Amendment search, she has standing to challenge the search, and the search was illegal. *See State v. Bottelson*, 102 Idaho 90, 92, 625 P.2d 1093, 1095 (1981). When the defendant challenges the legality of a search based upon the absence of a search warrant, the burden then shifts to the State to prove the legality of the search. *Id.* ("once the search is shown to have been made without a warrant, the search is deemed to be '*per se* unreasonable,' and the burden shifts to the state to show that the search was pursuant to one of the exceptions to the warrant requirement"); *State v. Cook*, 106 Idaho 209, 214, 677 P.2d 522, 527 (Ct. App.1984).

Although the defendant's burden is minimal, it must be met before the burden will shift. Holland's motion and memorandum contain only statements of the law and legal conclusions. She submitted no affidavits with her motion and presented no evidence at the hearing. Indeed, the only evidence Holland attempted to enter into the record was a request that the district judge take judicial notice of the fact the file did not contain a search warrant. This was insufficient evidence to shift the burden. Thus, based upon Holland's evidence the burden did not shift to the State to identify and prove the existence of an exception to the warrant requirement.

The State, however, cured Holland's error by proceeding with its own witness who provided the factual basis for Holland's motion. At the hearing, the State called Sherar to testify. Sherar testified he had searched Holland's purse and he had done so without a warrant. This was sufficient evidence to shift the burden of proof to the State. Thus, we hold the district judge erred in dismissing

Holland's motion on procedural grounds. Because the district judge also considered the merits of the motion, this holding does not conclude our analysis.

**C. Holland's Purse Was Within The Scope Of The Search Incident To The Arrest Of The Driver Of The Vehicle.**

 Holland argues under this Court's decision in *Newsom*, 132 Idaho 698, 979 P.2d 100, the search of her purse exceeded the valid scope of a search incident to arrest. Holland misconstrues our earlier holding.

 Upon the arrest of the occupants of a vehicle, officers may search the entire passenger compartment of a vehicle including any containers found therein. *New York v. Belton*, 453 U.S. 454, 460–61, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *State v. Charpentier*, 131 Idaho 649, 651–652, 962 P.2d 1033, 1035–36 (1998). The validity of the search is not dependent upon the nature of the container. *Belton*, 453 U.S. at 461, 101 S.Ct. 2860; *Charpentier*, 131 Idaho at 652, 962 P.2d at 1036. Instead, the validity of the search depends upon a lawful custodial arrest that justifies an infringement of the arrestee's privacy interests. *Belton*, 453 U.S. at 461, 101 S.Ct. 2860; *Charpentier*, 131 Idaho at 652, 962 P.2d at 1036. The arrest of one occupant, however, does not justify infringing upon all of the privacy interests of other passengers. The police may not search another occupant of the automobile merely because the other occupant was there when the arrest occurred. *State v. Wright*, 134 Idaho 73, 78, 996 P.2d 292, 297 (2000); *Newsom*, 132 Idaho at 700, 979 P.2d at 102 (1998).

In *Newsom*, the defendant testified she had her purse in her lap when she was asked by police to exit the vehicle. She then exited the vehicle holding her purse. The only reason the purse became a container inside the passenger compartment and subject to the search incident to the arrest of the driver was because the police ordered Newsom to place her purse back in the automobile. Under those circumstances we held "that the passenger's purse was entitled to as much privacy and freedom from search and seizure as the passenger herself." *Id.; see also Wright*, 134 Idaho at 78, 996 P.2d at 297

(where the passenger voluntarily exited the vehicle carrying her purse, the search of the purse did not fall within the search incident to arrest exception to the warrant requirement). The holding does not stand for the proposition that a passenger's belongings may never be searched. Instead, *Newsom* stands for the proposition that the police cannot create a right to search a container by placing it within the passenger compartment of a car or by ordering someone else to place it there for them.

In the present case, the police did not place Holland's purse in the vehicle or order her to place it there. Instead, as Holland exited the vehicle she voluntarily left her purse behind. The purse was, therefore, a container within the passenger compartment of the vehicle and subject to a search incident to the arrest of the driver.

## IV.

## CONCLUSION

Because Holland's purse was validly searched incident to the arrest of the driver of the vehicle, the order of the district judge denying her motion to suppress the evidence obtained as a result of that search is affirmed.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.