127 P.3d 133

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Patricia D. WATTS, Defendant–Appellant.**

### No. 30741.

Supreme Court of Idaho,
Boise, November 2005 Term.

Dec. 21, 2005.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.   Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent Rebekah A. Cudé argued.

SCHROEDER, Chief Justice.

Watts appeals from the district court's denial of her motion to suppress.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

A Coeur d'Alene police officer, Greg Moore, pulled over a male driver because he was driving a vehicle with studded tires in July. Patricia Watts was a passenger in the car.   Officer Moore arrested the driver for driving without privileges.   Another officer, Erik Turrell, asked Watts to get out of the car.   After Watts and the driver were out of the car Officer Moore searched Watts' purse, which had been left on the floor of the passenger area.   As a result of that search she was arrested and charged with possession of a controlled substance and possession of drug paraphernalia.   Watts moved to suppress the evidence obtained as a result of the search of her purse.   The district court denied the motion.   Watts entered into a conditional plea in which she pled guilty but reserved her right to appeal the denial of her motion to suppress.   The district court allowed the conditional plea.

Watts asserts the district court erred in denying her motion to suppress, contending that the district court made erroneous factual findings and that the search violated the Fourth Amendment of the United States

Constitution and Article I, § 17 of the Idaho Constitution.

## II.

## STANDARD OF REVIEW

■ The standard of review of a suppression motion is bifurcated. This Court accepts the trial court's findings of fact that are supported by substantial evidence, but freely reviews the application of constitutional principles to the facts as found. *State v. Holland*, 135 Idaho 159, 161, 15 P.3d 1167, 1169 (2000).

## III.

## THE DISTRICT COURT PROPERLY DENIED THE MOTION TO SUPPRESS

**1. The Court will not overrule *Charpentier* or *Holland*.**

Watts asserts the district court erred in denying her motion to suppress, contending that the district court made erroneous factual findings and that the search violated the Fourth Amendment of the United States Constitution and Article I, § 17 of the Idaho Constitution. She urges this Court to overrule *State v. Charpentier*, 131 Idaho 649, 962 P.2d 1033 (1998), and *State v. Holland*, 135 Idaho 159, 15 P.3d 1167 (2000).

■ Watts urges this Court to hold that the Idaho Constitution provides greater protection than the rule outlined in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), in which the United States Supreme Court set forth the following rule regarding the scope of a search incident to arrest:

> [W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his

reach. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

*Belton*, 453 U.S. at 460–61, 101 S.Ct. at 2864, 69 L.Ed.2d at 775 (footnotes and internal citations omitted).

The *Charpentier* decision adopted the *Belton* rule. In *Charpentier*, the driver was pulled over for a traffic violation and subsequently arrested for driving without privileges. *Charpentier*, 131 Idaho at 650–51, 962 P.2d at 1034–35. After Charpentier was handcuffed and placed in the patrol car, the officer searched the car, which resulted in a charge of possession of a controlled substance against Charpentier. *Id.* at 651, 962 P.2d at 1035. Charpentier moved to suppress the evidence found in her car. This Court held that the *Belton* rule is the proper interpretation of protections provided by Article I, § 17 of the Idaho Constitution, stating that, "There is nothing in our history or jurisprudence that indicates a contrary result should be reached." *Id.* at 653, 962 P.2d at 1037.

■ Watts asks the Court to overrule *Charpentier* and *State v. Holland*, 135 Idaho 159, 161, 15 P.3d 1167, 1169 (2000), relying on the dissenting opinion in *Charpentier* and concurring opinions of *Thornton v. United States*, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), all of which state that *Belton* should be limited. "[T]he rule of stare decisis dictates that we follow [controlling precedent], unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Reyes v. Kit Mfg. Co.*, 131 Idaho 239, 240, 953 P.2d 989, 990 (1998) (quoting *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990)).

The Court addressed the issue of precedent in *Charpentier* and held that previous decisions of this Court did not prohibit its decision to adopt the *Belton* rule. Watts has

failed to set forth arguments to demonstrate that *Charpentier* is "manifestly wrong ... has proven over time to be unjust or unwise, or [that] ... overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice," as required by *Reyes*, 131 Idaho at 240, 953 P.2d at 990, to justify not conforming with controlling precedent. There continues to be "merit in having the same rule of law applicable within the borders of our state, whether an interpretation of the Fourth Amendment or its counterpart—Article I, § 17 of the Idaho Constitution—is involved. Such consistency make sense to the police and the public." *Id.* at 653, 962 P.2d at 1037.

In *State v. Holland*, 135 Idaho 159, 15 P.3d 1167 (2000), Holland was a passenger in a car in which the driver was pulled over for a traffic violation. *Holland*, 135 Idaho at 160, 15 P.3d at 1168. The driver was arrested on a warrant and Holland was asked to get out of the car. *Id.* When she asked for her purse, the officer searched it before handing it to her and found methamphetamine. *Id.* Holland was charged with possession of methamphetamine and filed a motion to suppress. *Id.* The Court rejected her claim that the search exceeded the scope of a search incident to arrest. *Id.* at 163, 15 P.3d at 1171.

In making its decision in *Holland*, the Court discussed *State v. Newsom*, 132 Idaho 698, 979 P.2d 100, which involved a situation where "the passenger's purse was entitled to as much privacy and freedom from search and seizure as the passenger herself." *Id.* Like the situation in *Holland*, the driver was pulled over for a traffic violation and subsequently arrested. *Newsom*, 132 Idaho at 698, 979 P.2d at 100. Unlike *Holland*, the passenger, Newsom, testified at a suppression hearing that her purse was in her lap at that time, and when she began to get out of the vehicle while holding her purse she was ordered to leave her purse in the vehicle. *Id.* at 698–99, 979 P.2d at 100–01. The officer was not asked whether he ordered the passenger to leave her purse in the vehicle at the hearing; his only testimony was that when the passenger stepped out of the vehicle, "[s]he didn't have a purse with her. It

was inside the car." *Id.* at 699, 979 P.2d at 101. Newsom was charged with possession of a controlled substance and filed a motion to suppress the methamphetamine found inside her purse. *Id.* This Court concluded that Newsom was entitled to take her purse with her and was not required by *Belton* to leave it in the vehicle for the officer to search. *Id.* at 700, 979 P.2d at 102. The *Holland* Court discussed that holding, stating that it "does not stand for the proposition that a passenger's belongings may never be searched. Instead, *Newsom* stands for the proposition that the police cannot create a right to search a container by placing it within the passenger compartment of a car or by ordering someone else to place it there for them." *Holland*, 135 Idaho at 163, 15 P.3d at 1171.

■ Watts argues that *Holland* improperly extends *Belton* in violation of Article I, § 17 of the Idaho Constitution and the Fourth Amendment of the United States Constitution, maintaining that *Holland* has made the search incident to arrest exception so broad that it now allows officers to conduct broad searches of passenger belongings without any justification. She also contends *Holland* ignores the reasons set forth in *Belton* that justify the search incident to arrest exception to the warrant requirement, *i.e.*, officer safety and the preservation of evidence. Watts relies on *Knowles v. Iowa*, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), for support. However, *Knowles* is distinguishable. The officer conducted a full search of the car after issuing a citation in a routine traffic stop, not incident to an arrest. *Knowles*, 525 U.S. at 114, 119 S.Ct. at 486, 142 L.Ed.2d at 496. It appears from the following language that the *Knowles* Court not only noted this distinction, but also stressed the importance of officer safety during a formal arrest:

We have recognized that the first rationale—officer safety—is " 'both legitimate and weighty,' " *Maryland v. Wilson*, 519 U.S. 408, 412, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 110, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) *(per curiam)* ). The threat to officer safety from issuing a traffic citation, however, is a good deal less

than in the case of a custodial arrest. In [*U.S. v.*] *Robinson* [414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)], we stated that a custodial arrest involves "danger to an officer" because of "the extended exposure which follows the taking of a suspect into custody and transporting him to the police station." 414 U.S., at 234–235, 94 S.Ct. 467. We recognized that "[t]he danger to the police officer flows from the fact of the arrest, and its attendant proximity, stress, and uncertainty, and not from the grounds for arrest." *Id.*, at 234, n. 5, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427. A routine traffic stop, on the other hand, is a relatively brief encounter and "is more analogous to a so-called '*Terry* [*v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] stop' . . . than to a formal arrest." *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

*Id.* at 117, 119 S.Ct. at 487–88, 142 L.Ed.2d at 498. This Court has indicated that officer safety and preservation of evidence justify the search incident to arrest exception to the warrant requirement, and has also stated the following:

Beyond the reasons articulated in *Belton,* there are other factors worthy of note. The use of the automobile on public roads is extensively regulated. Drivers must be licensed. The roadways belong to the public. There are insurance requirements for operators of automobiles. There are extensive safety requirements for automobiles. In some areas there are emission standards. Inspections are authorized for various purposes, and there are limitations on the window tinting that is allowed that would exclude vision into the vehicle. These rules do not address the issue of the search of an automobile directly. However, they are indicative of the fact that the automobile is not comparable to the home. The expectation of privacy within the automobile falls far short of that accorded the sanctuary of the home. The level of privacy due the automobile is satisfied by the requirement that there must be a lawful arrest of the occupant before a search of the contents may take place.

It is also important to know that when an arrest has been made of the occupant or occupants of an automobile that the automobile can be left untended with the assurance that any weapons, evidence of crime or contraband have been removed from the reach of passersby or confederates in unlawful activity. This is not always a concern, but it is a sufficient concern to address. It is important to have a clear rule that is not subject to the myriad of factual subtleties that engross lawyers and judges but evades practical application and understanding by those who must make decisions on the spot under stress.

Under the rule adopted by this Court, the police know what they can do after they have made a lawful arrest. The public knows the extent of protection afforded from a search while utilizing the automobile. The automobile is not a haven for weapons, contraband or evidence of criminal activity once the threshold requirement that there be a lawful arrest has been reached.

*Charpentier,* 131 Idaho at 653, 962 P.2d at 1037. *Holland* does not improperly extend *Belton* or ignore the reasons set forth in *Belton* to justify the search incident to arrest exception. Watts has failed to show that *Holland* should be overruled pursuant to the criteria set forth in *Reyes,* 131 Idaho at 240, 953 P.2d at 990.

**2. The district court's factual finding that Watts voluntarily left her purse in the vehicle is supported by substantial evidence.**

Watts' argues that the district court's factual finding that she left her purse in the vehicle voluntarily is not supported by substantial evidence. The district court found "the officers did not direct the defendant to leave her purse in [the] car.' And, further, there's been no showing that the defendant attempted to take her purse with her from the car." The Court accepts the trial court's findings of fact if supported by substantial evidence. *State v. Holland,* 135 Idaho 159, 161, 15 P.3d 1167, 1169 (2000). This Court has defined "substantial evidence as such relevant evidence as a reasonable mind might accept to support a conclusion; it is more than a scintilla, but less than a preponderance." *Evans v. Hara's, Inc.,* 123 Idaho 473, 478, 849 P.2d 934, 939 (1993) (citing *Kinney v. Tupperware Co.,* 117 Idaho 765, 769, 792 P.2d 330, 334 (1990)).

The officer who asked Watts to exit the vehicle was unable to recall if he told her she could take her purse with her or if she was required to leave it inside. The officer stated that when he looked in the purse Watts was already out of the car. The State met its threshold showing when it produced evidence that the purse was in the passenger compartment. There is no evidence Watts was required to leave it there. She offered no evidence beyond the officer's testimony, which was that, to the best of his recollection, all he did was ask her to get out of the car.

A defendant is never required to testify at any stage of the proceedings, *State v. Page*, 135 Idaho 214, 223, 16 P.3d 890, 899 (2000). However, in *Newsom*, the defendant testified at the suppression hearing that when she began to get out of the vehicle while holding her purse she was ordered to leave her purse in the vehicle. *Newsom*, 132 Idaho at 698–99, 979 P.2d at 100–01. There is no comparable evidence in this case. Further, a videotape at the scene shows a view from behind the car but does not show the passenger side of the vehicle. While the tape does not show Watts get out of the car, she can be seen walking from the passenger side around the back of the car. During this time she is carrying what looks like a large plastic container with a straw that she apparently took with her when she got out of the car. This indicates she was free to remove that item from the car. There was no evidence she could not also remove her purse.

The district court did not err in finding that Watts is not entitled to the "exception to the *Belton* exception" provided in *Newsom*, in which the officer ordered Newsom to leave her purse in the car. *Newsom*, 132 Idaho at 698–99, 979 P.2d at 100–01.

## IV.

### CONCLUSION

The district court's denial of Watts' motion to suppress is affirmed.

Justices TROUT, EISMANN, BURDICK and JONES concur.