**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44001 - 44002**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 5** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 25, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TREVOR GLENN LEE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant. Andrea W. Reynolds argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

HUSKEY, Judge

Trevor Glenn Lee appeals from the judgment of conviction entered upon his conditional guilty plea to possession of a controlled substance, methamphetamine. Lee argues the district court erred in denying his motion to suppress. Because the officer had probable cause to arrest Lee and searched Lee incident to that arrest, we affirm the district court's denial of the motion to suppress.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer observed Lee driving a blue Chevrolet pickup. The officer recognized the vehicle from a prior traffic stop and also recognized Lee, who was driving the vehicle. The officer suspected Lee was driving without a valid driver's license because Lee had a suspended license at the time of the previous encounter. After calling dispatch, the officer confirmed Lee's

license was suspended. Lee parked his vehicle at a gas station and entered the store. As the officer watched, Lee exited the store and walked down the road, away from his vehicle. The officer activated his rear-facing lights, exited his patrol car, and made contact with Lee.

Upon contact, Lee was reluctant to speak and refused to make eye contact with the officer. Lee refused to comply with the officer's repeated request to move to the front of the patrol car. The officer told Lee he would be issuing Lee a citation for driving without privileges. The officer then asked Lee if he was carrying any weapons, and Lee responded, "I have a pocket knife." Lee was moved to the front of the patrol car and was told to interlace his fingers behind his head while the officer performed a pat down search. The officer felt a very large bulge in Lee's left pant pocket and the officer asked Lee if he would mind if the officer removed the items. Lee did not consent to the removal of the objects. Because the officer felt what appeared to be a knife, he proceeded to slide each of the objects out of Lee's pocket, one-by-one. The officer recovered two round, cylindrical Chapstick containers, one longer cylindrical Chapstick container, a money clip, a small tin container, and a pocket knife. The knife was the last object removed from Lee's pocket.

The officer handcuffed Lee and placed him in the back of the patrol car. At that time the officer stated: "You're just being detained right now, you understand," and later the officer testified, "I detained him because I recognized the objects that come out of his pocket to be probably more than likely paraphernalia." The officer also indicated at the preliminary hearing that he did not intend to arrest Lee for driving without privileges. Once Lee was in the back of the patrol car, the officer opened the containers removed from Lee's pocket. In one round, cylindrical Chapstick container, the officer found a green leafy substance he recognized to be marijuana, while the other round, cylindrical Chapstick container contained lip balm. In the longer Chapstick container, the officer discovered white powdery residue. Last, within the small tin container, the officer found three folded pieces of paper in a small baggie, which later tested positive for methamphetamine. After searching the containers, the officer arrested Lee for possession of a controlled substance.

The State charged Lee with felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). In a different case, the State charged Lee with three misdemeanors: possession of a controlled substance, marijuana, I.C. § 37-2732(c)(3);

possession of paraphernalia, I.C. § 37-2734A; and driving without privileges, I.C. § 18-8001. The two cases were consolidated in the district court.

Lee filed a motion to suppress the evidence found in his pocket, challenging the constitutionality of the frisk and the search of the containers found in his pocket. The district court denied Lee's motion to suppress, analyzing the case under *Terry v. Ohio*, 392 U.S. 1 (1968) and as a search incident to an arrest. The district court concluded the officer was justified in conducting a frisk of Lee, stating: "Lee's reluctant attitude and noncompliance with Officer requests, coupled with the bulge in his front pocket and his previous encounter with law enforcement, could lead a reasonable person to infer that he was armed and dangerous." However, the district court determined the officer exceeded the scope of a *Terry* frisk when he opened the containers because "he no longer had reason to believe that the containers posed a threat." Nonetheless, the district court concluded the search of the containers was permissible as a search incident to Lee's arrest, since the search was substantially contemporaneous to the arrest and the officer had probable cause for an arrest based on Lee's driving without privileges.

Lee pleaded guilty to felony possession of methamphetamine pursuant to a plea agreement, and the State dismissed the three misdemeanor charges. As part of the agreement, Lee reserved his right to challenge the denial of his suppression motion on appeal. The district court imposed a unified sentence of four years, with eighteen months determinate. The court then suspended the sentence and placed Lee on probation for three years. Lee timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Lee argues the district court erred in denying his motion to suppress for two reasons. First, Lee argues the officer's frisk was not authorized pursuant to *Terry*. Second, Lee asserts the search of his containers was not allowed as a search incident to arrest. In response, the State contends this Court is not required to address the stop-and-frisk issue because only the search of Lee's containers is dispositive of the suppression of evidence issue. Because the analysis of the search incident to arrest exception is dispositive, we begin with the officer's search of the containers found on Lee's person rather than the frisk. We conclude that because the officer had probable cause to arrest Lee for a driving offense and the officer searched Lee incident to that arrestable offense, the search of Lee's containers was lawful.

The primary issue is: when an officer has probable cause to arrest an individual for committing a misdemeanor offense, does the probable cause allow a search incident to arrest, when the search occurs before the formal arrest and the officer intends to only issue a citation for the offense? Lee argues the search of his containers was not allowed as a search incident to arrest because Lee was not under arrest for driving without privileges prior to or after the search. Lee offers two reasons why the search was unlawful: first, the probable cause for the arrest was provided by the fruits of the search; and second, driving without privileges resulted only in a citation, and there is no "search incident to citation" exception to the warrant requirement. The State responds an officer's subjective intent does not matter, and since there was probable cause to arrest Lee for driving without privileges, the search of the containers was a lawful search incident to that possible arrestable offense.

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a valid arrest is among those exceptions and, thus, does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762-63 (1969) (overruled on other grounds); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904. A search incident to arrest may only include "the

arrestee's person and the area 'within his immediate control'--construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Arizona v. Gant*, 556 U.S. 332, 339 (2009) (quoting *Chimel*, 395 U.S at 763). Searches incident to arrest are allowed because "it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape," and it is further reasonable "for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Chimel*, 395 U.S. at 763.

## A. The Officer Had Probable Cause to Arrest Lee

The threshold question involves probable cause. An officer may perform a warrantless search only incident to an arrest that is lawful. In order to be lawful, an officer must have probable cause for the arrest. Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. *Id*. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id*. A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

The officer had probable cause to arrest Lee for driving without privileges. The officer observed Lee driving a vehicle and received information that Lee was driving with a suspended license. From this information, the officer was reasonable in his belief that Lee was guilty of a crime which occurred in the officer's plain sight. The district court, therefore, was correct when it concluded "probable cause existed for an arrest because [the officer] had observed Lee driving an automobile and had confirmed that he had a suspended license."

**B.     The Timing of the Arrest Does Not Change Our Analysis of the Search Incident to Arrest**

It does not alter our analysis of the officer's search incident to the arrest that Lee was arrested after the search.  After removing items from Lee's pockets, the officer handcuffed Lee and placed Lee in the back of the patrol car.  At that point, the officer explained, "You're just being detained right now," and the officer did not indicate Lee was under arrest.  Although the nature of the detainment is relevant, we conclude that such an analysis is unnecessary in light of the United States Supreme Court's holding that the search incident to an arrest may occur before the arrest.  *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980).  In *Rawlings*, the Court explained, "Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." *Id.*  In this case, the search of the containers occurred immediately before the formal arrest of Lee.  Under *Rawlings*, the chronology is not by itself dispositive of the search incident to arrest. *Id.*

**C.     Probable Cause for Lee's Arrest Was Provided by the Driving Offense and Not by the Fruits of the Search**

The timing of the search only matters when the items found in the search establish the subsequent probable cause.  "So long as the search and arrest are substantially contemporaneous, and the fruits of the search are not required to establish probable cause for the arrest, the search need not precisely follow the arrest in Idaho to be incident to that arrest." *State v. Johnson*, 137 Idaho 656, 662, 51 P.3d 1112, 1118 (Ct. App. 2002) (quoting *State v. Crabb*, 107 Idaho 298, 304, 688 P.2d 1203, 1209 (Ct. App. 1984)).  Lee argues he could not have been arrested for possession of a controlled substance prior to the search of the containers found in his pocket.  Lee concedes the search and arrest were substantially contemporaneous, but claims the search of the containers was unlawful because the probable cause for the arrest was a result of the substances found during the search.

We disagree because the officer had probable cause to arrest Lee based on the driving offense.  The law only requires an officer to have probable cause for any single offense, and does not demand the cause and the arrest involve exactly the same crimes.  In *Crabb*, police had a warrant to search a mobile home which was suspected of drug activity.  *Crabb*, 107 Idaho at 301, 688 P.2d at 1206.  When inside the home, the police observed marijuana in plain sight and arrested Crabb.  *Id.* at 303, 688 P.2d at 1208.  The Court explained the officers only had probable

cause to arrest Crabb for possession of marijuana, and although the record is unclear, the search of Crabb's person may have occurred prior to his actual arrest. *Id.* at 303-04, 688 P.2d at 1208-09. Nonetheless, this Court held that the cocaine, methamphetamine, and drug paraphernalia on Crabb's person was lawfully discovered in a search incident to the arrest, even though at the time of the search, the officers only had probable cause to arrest Crabb for the marijuana. *Id.* at 304, 688 P.2d at 1209. *Crabb* therefore articulated the rule that a search may be prior to an arrest as long as "the fruits of the search are not required to establish probable cause for the arrest." *Id.*

The Supreme Court has also held the facts giving rise to probable cause and the offenses cited in the resulting arrest need not be identical. In *Robinson*, an officer had reason to believe Robinson was operating a vehicle without a permit. *Robinson*, 414 U.S. at 220. With this probable cause, the officer stopped Robinson, arrested him, and conducted a pat down in which he discovered a crumpled pack of cigarettes. *Id.* at 221-23. The officer opened the pack and discovered fourteen capsules of heroin. *Id.* at 223. The Court held the search of Robinson and the seizure of heroin were permissible. *Id.* at 236. It explained the search was incident to a valid arrest, and from the lawful search, the officer was entitled to inspect the contents of the cigarette package. *Id.* The Court therefore determined that when the officer stopped Robinson for the driving offense, the officer had no facts to indicate Robinson was carrying illegal drugs. *See Robinson*, 414 U.S. 218. Nonetheless, the probable cause for the driving offense legally justified the stop and arrest, and the arrest then justified the search incident to that arrest. *Id.* at 236.

Like *Crabb* and *Robinson*, the fruits of the search were not required to establish probable cause to arrest Lee. The State's probable cause affidavit, the district court's order, and our earlier analysis confirm the officer had probable cause to arrest Lee for driving without privileges. Here, we acknowledge there were multiple reasons to arrest Lee after the search of the container: possession of marijuana, possession of methamphetamine, possession of paraphernalia, and driving without privileges. Although three of the charges were fruits of the search, that does not invalidate the search according to *Crabb* and *Robinson*. Because the officer already confirmed Lee's license was suspended, the fruits of the search were not required to establish probable cause to arrest Lee. Therefore, Lee's argument fails because it interprets the probable cause requirement too narrowly.

Lee, however, argues the search incident to arrest case law is inapplicable when there is no arrest because he asserts there is no "search incident to citation" exception to the warrant

requirement and in this case, the officer was only going to issue a citation. Citing *Knowles v. Iowa*, 525 U.S. 113 (1998), Lee argues the search of his containers was unlawful because there is no warrantless search allowed when an officer issues only a citation or summons. In *Knowles*, a police officer stopped Knowles and issued him a traffic citation for driving over the speed limit. *Id.* at 114. Under Iowa law, an officer could conduct a full search of an automobile and its driver after issuing a citation, even if no arrest would occur. *Id.* at 115. Pursuant to this law, the officer conducted a full search of the car, discovered marijuana and a pipe under the driver's seat, and arrested Knowles for possession of controlled substances. *Id.* at 114. The United States Supreme Court reviewed the case, directing its attention to the constitutionality of Iowa's law which allowed warrantless searches incident to citations. *Id.* Since the Iowa law had expanded the search incident to arrest exception to include searches incident to citations, and because this new bright-line rule failed to satisfy the need to disarm a suspect or preserve evidence, the Court ruled the search of Knowles's vehicle was unlawful. *Id.* at 118-19.

Our case is distinguishable from *Knowles*. First, the officer in our case did not issue a citation to Lee in order to search his person. Second, the *Knowles* ruling was specifically based on an Iowa state law that allowed full searches of a vehicle and its driver incident to traffic citations. Idaho does not have such a law. Third, *Knowles* analyzed an officer's full search of an automobile after a traffic citation was issued. Here, the offense was a misdemeanor for which Lee was subject to arrest, and also, Lee's automobile was not searched. In *State v. Watts*, 142 Idaho 230, 127 P.3d 133 (2005), the Idaho Supreme Court also distinguished its facts from those in *Knowles*, focusing on the difference between a search incident to an arrest and a full search of an automobile following a citation. *Id.* at 232-33, 127 P.3d at 135-36. There, like here, *Knowles* is distinguishable because the officer did not conduct a full search of a car after issuing a citation in a routine traffic stop. *Id.* at 233, 127 P.3d at 136.

To further distance this case from the search incident to arrest exception, Lee asserts this Court's inquiry must be whether, under the totality of the circumstances, an officer was making an arrest or would have made an arrest absent the results of the search. We disagree. The proper inquiry is not whether an officer was making or would have made an arrest, but whether an officer could have made an arrest. Lee depends on the officer's words and intentions, which are irrelevant to a determination that there was probable cause to arrest for an offense.

Because the officer had probable cause to arrest Lee for driving without privileges, the officer was able to conduct a lawful search incident to that arrestable offense. The search was not invalidated because it occurred before any formal arrest. Similarly, although the officer indicated he was only going to give Lee a citation for the driving offense, this does not eliminate the probable cause for the arrest and the ability to search incident thereto.

We recognize Lee's additional argument asserting the search exceeded the scope of a lawful *Terry* frisk. In that position, Lee argues the officer did not conduct a proper frisk because a reasonable person in the situation would not find that Lee was armed and presently dangerous. However, we need not address this issue. An analysis of a frisk under *Terry* requires that an officer lacks probable cause, and the Idaho Supreme Court goes to great lengths to explain the differences between searches with and without probable cause to arrest. Because we conclude the officer here had probable cause to arrest Lee for a traffic offense, it is unnecessary to consider the issue of a *Terry* frisk. The officer's search of Lee's containers was lawful and the district court did not err by denying the motion to suppress.

## IV.
## CONCLUSION

The district court correctly determined the officer had probable cause to arrest Lee and searched Lee's containers incident to that arrestable offense. Therefore, we affirm the district court's denial of the motion to suppress and judgment of conviction.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.